UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOAN MORRISON,

                                Plaintiff,

    - v -                                                      Civ. No. 1:01-CV-636
                                                                    (RFT)

JOHN JOHNSON; DONALD SMITH; EDWARD
BARTLEY; KEVIN MAHAR; DAVID PETERS;
THERESA PALUMBO; LORI LEHNER; and DANIEL
HULIHAN;

                                Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| CARTER, CONBOY LAW FIRM<br>Attorney for Plaintiff<br>20 Corporate Woods Boulevard<br>Albany, NY 12211 | JAMES A. RESILA, ESQ. |
| HON. ANDREW CUOMO<br>Attorney General for the State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, NY 12224 | STEPHEN M. KERWIN, ESQ.<br>Assistant Attorney General |

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### MEMORANDUM-DECISION and ORDER

By a Memorandum-Decision and Order, this Court granted in part and denied in part Defendants' Motion for Summary Judgment. Dkt. No. 115, Mem-Decision & Order, dated Sept. 28, 2006.[1]  A jury trial is slated for February 13, 2007. Consistent with the Local Rules and the directives of this Court, the parties have filed a Motion in Limine. Defendants' Motion in Limine

---

[1] This Memorandum-Decision and Order dismissed Defendant John Johnson from this action.

(Dkt. No. 139) poses an exigent circumstance and that significant litigation costs may be avoided with a preliminary order.

This matter is a First Amendment Retaliation Action wherein Plaintiff alleges that she suffered a materially adverse employment consequence for speaking to the media and the New York State Inspector General about corruption and fraud in her agency. In defending against Plaintiff's allegations, Defendants allege that she was subjected to paid administrative leave and a disciplinary hearing because of employment misfeasance on Plaintiff's part unrelated to her discussions with the media and the Inspector General. For further details of this lawsuit, the reader is directed to the Memorandum-Decision and Order. Dkt. No. 115.[2]

Defendants bring this Motion in Limine after reviewing Plaintiff's list of trial witnesses and exhibits. They suppose, and rightfully so, that Plaintiff intends to present witnesses and exhibits to establish the veracity of her claims of office corruption and fraud. Dkt. No. 139, Defs.' Mot. in Limine, dated Jan. 25, 2007. Defendants also suspect that those witnesses which would corroborate the veracity of the charges of corruption would not be offering any testimony regarding the alleged retaliation against Plaintiff. *Id*. In their view, such testimony and witnesses are not germane to whether Defendants retaliated against Plaintiff, the veracity of her discussion with the media and the Inspector General is collateral to the main focus of the trial, and thus, those witnesses and exhibits identified to support the proposition of corruption and fraud with this state agency should be precluded.

Plaintiff files a response to Defendants' Motion in Limine. Dkt. No. 142, Lt.-Mem., dated

---

[2] It is presumed that the parties are familiar with the facts, so further recitation of them is not warranted.

2

Jan. 30, 2007.  Plaintiff does not disagree with the premise of Defendants' Motion and asserts that "the underlying subject matter of her speech, [the corruption and fraud], is indeed relevant to her retaliation claim and the jury should hear the merits of her speech. *Id*. at p. 1.

The Federal Rules of Evidence §§ 401 and 402 are controlling on the admissibility of relevant evidence in a particular case.  In the context of this case, any evidence which would tend to make the existence of facts to show more probable than not that Defendants retaliated against Plaintiff for her public speech would be admissible. FED. R. EVID. § 401.  Conversely, any evidence which is not relevant is not admissible. FED. R. EVID. § 402.  But we are not constrained to consider only these two Rules of Evidence.  We must consider the dynamics of Rule § 403:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. § 403.

Under these evidentiary rules to evaluate relevancy and admissibility, it is seminal law that evidence which is deemed collateral and not material to the main issues of the case or cumulative insofar as it tends to establish facts that are conceded, duplicative, or replicates other admitted evidence may be excluded from the trial.  Corollarily, it is "hornbook" law that in making such findings, wide discretion is bestowed upon the trial court to exclude or include evidence. *United States v. Socony-Vacuum Oil Co*., 310 U.S. 150, 230 (1940) (finding a matter to be collateral and that the trial court has a "wide range of discretion in the exclusion of such evidence"); *Blissett v. Lefevre*, 924 F.2d 434, 439 (2d Cir. 1991) (discretion to exclude cumulative evidence); *United States v. Scopo*, 861 F.2d 339, 345 (2d Cir. 1988), *cert. denied,* 490 U.S. 1048 (1989) (ruling that a trial judge has "wide discretion" to exclude evidence that is collateral and not material (citing Rule § 403)); *United States*

*v. Jamil*, 707 F.2d 638, 643 (2d Cir. 1983) (exclusion of relevant but cumulative evidence is within the discretion of the trial court).

One of the missions of a court conducting a trial is to assure, to the extent that it can, that a single lawsuit does not become "unnecessarily complex, unwieldy or prolonged . . . [and avoid] . . . exacerbat[ion] [of the] matters, especially when doing so would prejudice the existing parties by expanding the scope of this litigation to include collateral [and cumulative] issues." *Canadian St. Regis Band of Mohawk Indians v. State of New York*, 2005 WL 2573468, at *11 (N.D.N.Y. Oct. 11, 2005). However, we cannot ignore the fact that just because a piece of evidence may be collateral or possibly cumulative evidence that it not *per se* excluded, because proof is rarely completely collateral or cumulative. *White v. Sullivan*, 1991 WL 315124, at *4 (D. Vt. Oct. 15, 1991). So discretion must be exercised in a diacritical manner.

In our case, neither the veracity nor the fallaciousness of Plaintiff's statements to the media or the Inspector General, and their respective findings, are germane to the crux of whether Defendants' retaliated against her for exercising her First Amendment and common law rights. Thus, any proof to that sort would be collateral. Moreover, such proof would be prejudicial, confusing, and prolong the trial. And yet, in order to set the facts in chronological order, Plaintiff should be and will be permitted to testify that she spoke with these entities, and to the extent necessary describe the nature of her complaints she expressed to them. In terms of other witnesses and exhibits, they are indeed collateral and cumulative, and hence will be precluded.

In terms of the proposed exhibits of the 2001 Agency Report and the December 2002 Joint Report, they will be admitted in redacted form. Likewise, the truth and findings of these reports are not relevant to whether Defendants retaliated against Plaintiff. However, to the extent that it is

4

alleged that Plaintiff's supervisors may have surmised of her involvement by reading news articles, those newspapers' articles have become relevant.

This ruling on the exclusion of such proof, of course, may change depending on whether Defendants' open the proverbial evidentiary door by challenging the truth of whether or not Plaintiff spoke with the Inspector General or the media.

Accordingly, it is hereby

**ORDERED**, that Plaintiff is precluded from calling as witnesses in her case in chief, Donna Gonzalez, Kathryn Brennan, Mark Kissinger and Barbara Acenowr, to establish the veracity of Plaintiff's complaint to the news media and the Inspector General; and it is further

**ORDERED**, that Plaintiff's exhibits, 2001-2002 Agency Report and December 2002 Joint Report, will be permitted to be introduced into evidence in redacted form, excising out any specific discussion of the investigation and its findings.

**IT IS SO ORDERED**.

Albany, New York
February 6, 2007

_____
RANDOLPH F. TREECE
United States Magistrate Judge